Santiago Galaviz v. Secretary of Veterans Affairs, 2020-22-31 Good morning, may it please the court. On behalf of Mr. Galaviz, I do want to thank the court for this opportunity to present his appeal. The issue before the court is the correct interpretation of the Veterans Court Rule 28A. Specifically, Mr. Galaviz reads this rule to create a low burden to raise an issue on appeal that must also include argument in support of that issue. Rather than read this rule to create a low burden, the Veterans Court instead impermissibly restricted the scope of Mr. Galaviz's appeal by selectively reading his pleadings in a way that limited the issue he actually presented to his detriment. Instead of reading his brief to identify the issue he presented, which was the scope of the 1985 claim, the court instead interpreted his brief to raise a separate issue, whether an informal claim had been presented. Why do we have jurisdiction of this appeal? Your Honor, doesn't it relate to facts, whether he argued his mental issue at the time he was claiming because of an ulcer? There certainly are a lot of facts involved in this, Your Honor. However, we believe that the issue here is how the Veterans Court interpreted its rule to require that the issue raised in or rather to read the issue and how it was raised in his opening brief. What interpretation of the rule did they do? It seems to me that you're objecting more to their application of the rule rather than their interpretation of the rule. Right, Your Honor. The way that the Veterans Court interpreted its rule to require more than just simply stating an issue under 28A.3, state the issue, and then under 28A.5 to also present an argument with contentions with respect to that issue. The issue again was highlighted several spots in the brief precisely the same. There was a header and it's in the table of contents, but there's nothing else, right? Am I missing something? There was a header, Your Honor, and then there was a statement of the issue, which was verbatim what was in the header in the table of contents. Then the bullet point one, the argument, this is what the argument is. It was listed three times precisely the same. But there was no substantive discussion under the header in the text of the brief, right? There was, Your Honor, yes. In the brief beginning on page 50 of the appendix, you can see first on page 53, statement of the issues, which is as required by the rule under rule 28A3, a statement of the issue presented. Then again under the argument, the exact same issue and then his contentions as to why the scope of that 1985 claim. I'm sorry, where under the argument? The argument, Your Honor, begins on page 55 and extends through 58 and then of course the other issue on page 59. So where are your contentions in support of what you put in the statement of issues? The contentions, Your Honor, are again from page 55 through 58. Those are how we describe or explain the basis for our assessment that the 1985 claim should have included within its scope the mental health or psychiatric disability. All right. Is there anything other than the statement on page 58 that say it reasonably identifies? Says in turn presents an informal claim. Is there anything more than that? I'm sorry. The second paragraph, last line. I'm sorry, Your Honor. Is there anything more in all of these pages that you're saying supports that informal claim assertion other than the last sentence of the second paragraph? On page 58. No, Your Honor. And that's really one of the major issues that we have with this is that that statement was actually a quote taken from Shea B. Wilkie where this court was ruling on and actually clarified how the courts are to determine and how the VA is to determine the proper scope of a claim. Okay. There's some confusion here. The question is did you really assert a claim about an informal claim? No, Your Honor. Okay. Never. So why isn't the Veterans Court's decision that you didn't adequately raise the issue itself a fact question which is beyond our jurisdiction? That question, Your Honor, is very difficult to answer. And I think the best way that I can help this court try to understand why it is a legal issue is kind of twofold. Number one is the literal interpretation of the rule requires simply that you identify the issue and then contentions as to why that issue is correct or your interpretation or your argument to that issue. Number two is like we have... Your Honor, it's not misinterpreting the rule to say that your argument has to be identified and sufficiently elaborated, right? Well, it is because the standard under the rule we believe is that you simply identify the issue and provide contentions. And what the Veterans Court did instead was to contort what was put in the issue, the statement of the issue, and pull as Judge O'Malley identified a single statement which was a quote from another case to say, no, you argued for an informal claim. And the second problem with the way that they interpreted this is that Mr. Galavez to date has not received a decision on the issue to which he presented. And under the statutory jurisdiction 7261, the Veterans Court shall provide a decision on the issue presented. And Mr. Galavez has not received that decision. I guess what I'm trying to understand is that how could this be asserted other than as an informal claim? I mean, where did you broader psychological condition? Your Honor, we never asserted that he filed an informal claim. From the beginning, the entire issue was... Well, the Veterans Court thought you did. And so what I'm saying is how could this be anything other than saying that it's an informal claim? Where did you assert a formal claim for a psychiatric disability in connection with this one? In our statement of issue, in the header, in the table of contents, etc., very explicitly said that the Board erred by failing to identify the communication, the 1988 communication, that the lay evidence reasonably identified a disability as a residual of his ulcer. And the 1985 claim included a request for benefits for a psychological disability. Now, he filed a formal application, a VA Form 526, for the ulcer disability in 1985. So how did that include a claim for psychiatric disabilities connected to the ulcer? Because, again, the 1985 claim was still active in 1988. He had filed the appeal, the VA Form 9, substantive appeal to the Board. And it was that document where he said, oh, my ulcer is causing me psychiatric problems. And I believe it was a nervous condition, I think is how he termed it. And when we look at Shea, particularly Shea, but also Sellers, that was the issue there, was that the Veteran had filed a formal application and evidence in Shea, it was medical evidence. In this case, we were asserting lay evidence is also sufficient. Again, where do you say that the 1985 claim was itself a formal claim for psychiatric benefits? And you're saying we're supposed to say that it's the later claim that somehow made a claim for 1985? Your Honor, the 1985 claim was for disability compensation resulting from his ulcer. And later, during the pendency of that claim, and as we know that under 3156B, all evidence that is produced with respect to that claim is deemed submitted with that claim. While that claim was still pending, or at least the appeal was still active, he then asserted, and also the ulcer is causing me a psychiatric disability, a nervous condition as he termed it. And we know under established case law, that Clemens in particular, that particularly with psychiatric disabilities, the Veteran is not really competent to give a diagnosis, but rather he describes, and I think that in Shea, this court clarified that at least with a general degree of, with a degree of generality, they need to identify some condition or disability. And that's what the argument was presented in the opening brief. Okay, so we have to, this is exactly what you put in your reply brief, that the Veterans Court said was new. Yes, Your Honor. That was the clarification that we provided, because we recognized that the, well for one, the secretary in his reply asserted that there was no intent. And so we had, we explained that intent is not needed, because there never was a second claim. It was always alleged and argued that the issue was. This is the part that's missing from your opening brief. It, yes, Your Honor. It wasn't clear, but it's not missing. I think that particularly the issue is what I really, I really think that the rule is focused on is the statement of the issue, is that the 1985 claim necessarily included a request for disability from a psychological disorder. And that is the issue. And whether the contentions which are present, again the rule only requires that it be present, the clarification was needed in part, in large degree, because we had not fully or adequately explained why the 1985 claim was still pending. Counsel, would you like to save the remainder of your time? I do, Your Honor. May it please the court, the secretary is seeking this court's affirmance of the Veterans Properly Applied Its Own Rules, Rule 28, to decline to consider an argument raised for the first time. Did I hear you say we should affirm? Yes. Not dismiss? The jurisdictional question, Your Honor, is a close one. This case is on all fours with this court's prior decision in Carbino, where the court did entertain jurisdiction and rule on the merits to affirm. So following Carbino, this court could do the same in this instance. Okay, so I may have made it more confusing walking through the places he says his opening brief flagged this issue. So why isn't the heading or the statement of issues in his opening brief sufficient to assert this 1985 formal claim? Yes, Your Honor. So the identification of issues is not sufficient. Rule 28 has both subsection A3 and subsection A5. The Veterans Court Rule 28A3 requires that the opening brief shall contain a statement of the issues. And as Your Honor notes, there was an identification of this formal claim theory in the opening brief. But Rule 28A5 goes on to require, and I quote from the rule, an argument beginning with a summary and containing the appellant's contention with respect to the issues and the reasons for those contentions with citations to the authorities and pages of the record before this agency. Pursuant to that rule and this court's well-established interpretation of the Veterans Court Rule 28, as well as its own Federal Rule of Appellant Procedure 28, it is not enough to identify an issue. A party has to develop that issue. Arguments that are not sufficiently developed or not developed at all, this court has held in its SmithKline decision, are waived, which is exactly what the Veterans Court found in this case. It's not enough to simply throw out an idea. SmithKline talks about the following things being insufficient. A perfunctory allegation, a mere statement of disagreement, a mere assertion of error, a passing reference to an issue, or a skeletal argument are all insufficient to preserve that argument for purposes of an appeal. And that's what we have here, right? We have an identical sort of statement of position or statement of issue in the table of contents and then again in the later header. But there's no actual development of that argument. And as the Veterans Court held, not only was there no development of the formal claim theory in the opening brief, but the formal claim theory raised for the first time in the reply was also inconsistent with the position taken in the opening brief. So there really was no argument that the Veterans Court was somehow on notice that this was Mr. Galavez's position. In fact, on page 58 on the appendix, he specifically said, this raises an informal claim, right? Correct. So to give the panel some comparisons, page 58, as your honor notes, expressly argues that the 1988 statement raised an informal claim. Then on appendix 90, Mr. Galavez asked the court to find that the 1985, I'm sorry, back up for a second. In appendix 58, which is the opening brief, Mr. Galavez argues that the 1988 statement raised an informal claim. Fast forward to the reply brief, appendix 83, table of contents, acknowledges a change in position. 85 to 86, he then says, directly contrary to the opening brief, section 3.155A does not apply. And he's not seeking an informal claim for benefits. That's directly contrary to the position taken on appendix 58 in the opening brief. Then fast forward to the end of the reply brief, appendix 89 to 90, he specifically acknowledges, again, a change in position, characterizes it as a clarification, but it is a change in position from originally his theory of informal claim to now the theory raised in the reply brief of formal claim. It's also important to understand the Veterans Court's review of the briefs and the record in the context in which it was looking at, right? If we look at earlier filings, what Mr. Galavez asserted through a representative to the VA and to the board were all informal claim theories, right? So it was then consistent, it is opening brief before the Veterans Court, continued to assert the informal claim theory. It truly was late in the game that the that the allegation was first made that there was a formal claim. And for that reason, the Veterans Court was within its discretion to decline to consider it. If the panel has no further questions, we ask that you firm. Thank you, Your Honor. I have just a couple points. I hope I have enough time to get through them all. First off, I want to just point to the appendix at page 11. The Veterans Court ruled specifically the appellant raises new issues in his reply brief. And the issue never changed. The issue was always the scope of the 1985 claim. And the contentions may have been a bit unclear and not adequate and not... The contentions were not as clear as they could have been, but the issue never changed. And the Veterans Court did not say until responding to our motion to reconsider that perhaps maybe there were some problems with the arguments. But again, I cannot emphasize enough that the veteran here raised a very specific issue that asked the court to determine the scope of his 1985 claim. And that issue has still not received a decision from the court. With regard to what was presented to the board, number one, it was an agent and not an attorney. And this court's case law specifically treats agents and attorney representation differently, particularly at the board. And also, it is irrelevant what was argued to the board, because the board has a legal obligation, and I point to Scott B. McDonald, to adequately develop and apply all applicable laws and review the entire record when issuing a decision on appeal. And if this was a legal issue that should have been raised by the record, then the board, regardless of who said what to the board, had that obligation. And as far as discretion is concerned, the secretary opened up by asserting that they were correct in refusing to... It implies that there was some discretion here. The discretion with the court rests solely with whether to consider an argument not raised. They do not have discretion under 7261A to refuse to consider an argument, or rather an issue, that is properly raised under its rules. And in sum, I would just like to ask that this court find that the Veterans Court improperly restricted its view of its own rule, to find that Mr. Galavez did not raise the issue, and that you remand the decision with orders for the court to give him a decision on the issue that he presented. Thank you, counsel. We'll take the case on the submission.